DRAINAGE COMMISSIONERS

*v.*

JOHN HUDSON *et al.*

*Filed at Springfield March 26, 1884.*

1. BILL OF EXCEPTIONS—*when necessary—presumption in favor of the judgment below.* A land owner appealed from an assessment of benefits against his land to three supervisors, who reduced the same, and the commissioners appealed from this order to the county court, where they entered a motion to dismiss the appeal to the supervisors and all proceedings had on such appeal, for the reason that the land owner did not appear before the commissioners and object to the confirmation of the assessment, which motion was overruled. The bill of exceptions contained no part of the evidence heard on the motion: *Held,* that in the absence of such evidence in the record, it would be presumed it authorized the judgment of the county court overruling the motion.

2. PRACTICE—*time to object that there is no right of appeal—in case of special assessment.* Where it .is sought to question the right of a land owner to take an appeal from an assessment of benefits to his land by the drainage commissioners, by reason of his failure to appear before the commissioners and object to their confirming the assessment, the commissioners must take the objection by motion before the supervisors to whom the appeal is taken, and failing to do so will be a waiver of the right.

3. PRACTICE IN THE SUPREME COURT—*cross-errors must be assigned on the record.* Cross-errors argued in the briefs of counsel for the defendants in error, but not assigned upon the record, will not be considered by this court.

4. EVIDENCE—*special assessments under Drainage law—evidence on appeal.* On the trial of an appeal from a special assessment by commissioners under the Drainage law, to three supervisors, the commissioners have the right to introduce evidence tending to prove that the assessments do not exceed the benefits, and are no greater than the land's just proportion of the cost of the work, and the land owner will have the right to introduce any competent evidence tending to prove the reverse; and on appeal by the commissioners from the order of the supervisors, to the county court, each party will have the same rights as before the supervisors.

5. COSTS—*in proceedings under Drainage law.* Under the last part of section 21 of the Drainage act, costs improperly made in the county court on an appeal from an order of the supervisors reducing the amount of special assessments of benefits against lands, may be ordered by the court to be paid by the party making the same.

WRIT OF ERROR to the County Court of Champaign county; the Hon. J. W. LANGLEY, Judge, presiding.

Mr. WM. B. WEBBER, and Mr. C. H. KIENZLE, for the plaintiffs in error.

Mr. FRANCIS M. WRIGHT, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding under an act to provide for the organization of drainage districts, and to provide for the construction, maintenance and repair of drains and ditches, by special assessments on the property benefited thereby. Laws of 1879, page 142.

It appears from the record, that an assessment was made upon all lands benefited within the district on the 18th day of June, 1881.   The assessment thus made proved inadequate to complete the proposed work, and the commissioners, on the 18th day of December, 1882, made an additional assessment on the same lands, under section 32 of the act, which authorizes an additional assessment when the first assessment shall be inadequate to complete the work proposed, or when assessments shall be necessary for maintenance and repair.   The three defendants in error, John and John H. Hudson, and Frank M. Koch, appealed from the decision of the commissioners to three supervisors, as they had the right to do under section 18 of the act.   The three supervisors, on the hearing, held that the second assessment as to the lands of John and John H. Hudson, two defendants, was unjust, and set it aside.   As to defendant Koch the amount was reduced from $144 to $72.   From this decision the commissioners appealed to the county court, as they were authorized to do under section 20 of the act.   In the county court the matters in dispute were tried before a jury, and by the verdict the amount of the assessment as fixed by the commissioners was reduced about one-half as to the lands of the defendants John and John H. Hudson, and as to the lands of Koch the amount fixed by the supervisors was reduced from $72 to $50.   The county court overruled a motion made by the commissioners for a new trial, and entered judgment on the verdict, and they appealed to this court.

In the county court the commissioners entered a motion to dismiss the appeal of defendant Koch to the supervisors, and all the proceedings by them had upon the supposed appeal concerning the second assessment, for the alleged reason that Koch did not appear before the commissioners and object to the confirmation of the assessment.   It is not clear, from what appears in the record, whether Koch appeared before the commissioners and objected to the confirmation or not,

and for this reason, if for no other, we can not hold that the court erred in overruling the motion.   The bill of exceptions contains no part of the evidence heard by the court on this motion, and in the absence of the evidence we will presume the evidence heard by the court was sufficient to warrant the order of the court overruling the motion.

But there is another reason fatal to the position of appellants on this point.   If they desired to rely upon the point, they should have made a motion before the supervisors to dismiss the appeal.   This they failed to do, but submitted to a trial on the merits.   We regard this as a waiver of the right, if a right it was, to rely upon the motion.

On the trial before the jury the commissioners introduced in evidence the original assessment roll and its confirmation, and also the additional assessment roll and its confirmation, and offered to prove, by one Coon, that the assessments against defendants' land did not exceed the benefits, and were not more than the land's just proportion of the costs of the work.   This evidence the court excluded, and the propriety of this ruling is called in question by this appeal.   It is true that the jury went upon and viewed the lands, but still we are of opinion that the commissioners had the right to resort to other evidence to sustain the assessment.   Section 20 of the act provides that the supervisors summoned to hear appeals shall examine the assessment roll, and may hear testimony in support of such assessment appealed from, and in opposition to the same, and may, if they deem it necessary, visit the lands upon which the assessments have been made.   Under this section, on a trial before the supervisors there can be no doubt in regard to the right of the commissioners to introduce evidence tending to prove that the assessments did not exceed the benefits, and were not greater than the land's just proportion of the cost of the work, and that the land owner would have the right to introduce evidence tending to prove the opposite,—in other words,

the merits of the assessment were open for investigation, and either party had the right to introduce evidence to sustain or defeat it. Section 14 empowered the commissioners to assess to each tract of land its proportionate share of the entire cost of the work. The section then declares: "In no event shall any tract of land be assessed for benefits in a greater amount than its proportionate share of the estimated cost of the work and all expenses of proceedings, nor in a greater amount than it will be benefited by the proposed work." When the action of the commissioners is challenged, on appeal before supervisors, it is apparent that they have the right to call witnesses who are familiar with the land, the improvement, and its benefits, and establish by such evidence that they have made the assessment in the manner authorized by the statute, and the land owner will have the right to establish the opposite, if such is the case, and it can be proven. If the parties have the right to resort to evidence before the supervisors, have they not the same right in the county court? Section 21 of the act gives an affirmative answer to the question. It declares that trials shall be conducted as in other cases of appeals. We think, therefore, it is plain that the court erred in the exclusion of the evidence.

The court ordered plaintiffs to pay all costs of witnesses subpœnaed to attend at the March term, 1883, of the court, and one-half of all the other costs. This is relied upon as erroneous. Section 21 of the act provides that if the decision of the supervisors be affirmed, or wholly reversed, costs should follow the judgment. In the *Hudson case*, the supervisors set aside the entire amount assessed by the commissioners, but the jury disregarded this, and fixed the amount at about one-half the sum the commissioners had originally assessed. This was in effect a reversal of the judgment appealed from, and, under the statute, costs should have followed the judgment. The last part of the section, however,

provides that where costs have been improperly made, such costs may be adjudged against the party making the same. Under this provision of the statute the order of the court as to the costs of the March term was properly made.

Cross-errors have been argued in the briefs filed on behalf of defendants in error, but no cross-errors have been assigned on the record, and we must decline to consider them.

For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*